NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOEL CONTRERAS-LEON,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1234

Agency No.
A206-191-353

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2025[**]
Portland, Oregon

Before: CALLAHAN, M. SMITH, and MENDOZA, Circuit Judges.

Petitioner Joel Contreras-Leon, a citizen of Mexico, petitions for review of a

Board of Immigration Appeals (BIA) decision dismissing his appeal of an

Immigration Judge's (IJ) decision denying his applications for asylum, withholding

of removal, protection under the Convention Against Torture (CAT), and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition for review in part and dismiss it in part.

Because the parties are familiar with the facts and background of this case, we provide only the information necessary to give context to our ruling. While in Mexico, Contreras-Leon was robbed by gang members, and his family has been embroiled in a property-related dispute with a local "boss." Since coming to the United States, Contreras-Leon has repeatedly been charged with alcohol-related crimes, including driving under the influence. Contreras-Leon has two daughters that were minors at the time of his immigration proceedings. After being charged with removability, Contreras-Leon requested asylum, withholding of removal, protection under the CAT, and cancellation of removal. Both the IJ and the BIA denied the requested relief.

"We review the BIA's decision and those parts of the IJ's decision that the BIA expressly adopted." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). "We review the BIA's legal determinations de novo, including whether the BIA applied the wrong legal standard." *Id.* "We review the BIA's factual determinations for substantial evidence, meaning we may reverse only if the evidence compels a conclusion contrary to the BIA's." *Id.*

1.      Contreras-Leon first challenges the BIA's denial of his request for asylum and withholding. The BIA concluded that Contreras-Leon had not shown

(1) the requisite nexus between any persecution and a ground protected under the Immigration and Nationality Act and (2) that it would be unreasonable for him to relocate within Mexico to avoid persecution. Contreras-Leon challenges both conclusions, but his arguments are unavailing.[1]

*First*, the BIA applied the right legal standard in reviewing the IJ's nexus determination. The BIA reviews the ultimate nexus determination de novo, and the IJ's underlying factual findings, such as motive, for clear error. *See id.* at 552. That is exactly what the BIA did here—it reviewed the IJ's motivation findings for clear error. It did not purport to review the overall "nexus" issue for clear error.

*Second*, substantial evidence supports the BIA's denial of asylum and withholding of removal on nexus grounds. Besides relying on general concerns about crime in Mexico (which cannot suffice) Contreras-Leon pointed to two events that he contends would give him a reasonable fear of future persecution— the 1990s gang robbery and the family dispute with the local boss. Neither suffice. As to the former, there is no record evidence indicating that the robbery was anything more than ordinary criminal violence. As to the dispute with the boss, record evidence does not compel the conclusion that the boss targeted Contreras-

---

[1] The BIA did not decide whether the previous harm suffered by Contreras-Leon rises to the level of past persecution or whether Contreras-Leon's proposed social group was cognizable. Contreras-Leon suggests that this evinces error, but the BIA was not required to make findings on issues that would be unnecessary to the ultimate decision. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Leon on protected grounds. To the contrary, the record evidence indicates that the boss targeted Contreras-Leon out of an interest in acquiring property—not because of his membership in any proposed social ground. "An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

*Third*, substantial evidence supports the BIA's determination that Contreras-Leon is not entitled to asylum or withholding because he could reasonably relocate within Mexico to avoid persecution. *See* 8 C.F.R. § 208.13(b)(2)(ii). Contreras-Leon has waived any challenge to this aspect of the decision by challenging it only in passing. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003). Regardless, the BIA's determination that it would be reasonable for Contreras-Leon to relocate to avoid persecution is supported by substantial evidence. The previous harms that he encountered—mistreatment by local gang members and the boss—would not be present elsewhere in Mexico. A general concern for criminality in other regions of Mexico cannot change that reality. *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021).

2.    Contreras-Leon purports to challenge the denial of CAT relief. But he has forfeited this challenge due to inadequate appellate briefing. *See Indep. Towers of Wash.*, 350 F.3d at 929–30. Despite the contrary assertion in Contreras-

Leon's reply brief, his challenges to the denial of CAT relief are not "actually argued" in his briefs. *Id.*

3.      Finally, Contreras-Leon challenges the BIA's denial of his request for cancellation of removal. To be entitled to this relief, "the alien must meet the requirements of § 1229b(b)(1)," including showing that removal would cause "exceptional and extremely unusual hardship" to a qualifying relative. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 999 (9th Cir. 2025) (quoting 8 U.S.C. § 1229b(b)(1)(D)). If the alien is eligible, "the agency *may* exercise its discretion to cancel the alien's removal." *Id.* (emphasis added).

The BIA concluded that Contreras-Leon had not shown that his removal to Mexico would cause exceptional and extremely unusual hardship to his minor daughters. It also agreed with the IJ that even if Contreras-Leon had been eligible, it would deny his request for cancellation of removal in its discretion due to Contreras-Leon's history of alcohol-related crimes.

To the extent that Contreras-Leon intends to challenge the BIA's discretionary decision, we lack jurisdiction to review the substance of this discretionary decision. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Wilkinson v. Garland*, 601 U.S. 209, 218, 225 n.4 (2024). We have jurisdiction to reach Contreras-Leon's argument that the BIA applied the wrong legal standard in exercising its discretion. *See Magana-Magana v. Bondi*, 129 F.4th 557, 571 n.7 (9th Cir. 2025).

But the BIA properly applied a de novo standard of review and balanced Contreras-Leon's particular circumstances in making its discretionary decision. *See Ridore v. Holder*, 696 F.3d 907, 920 (9th Cir. 2012). We lack jurisdiction to inquire further and look at how the BIA balanced these circumstances. Therefore, we do not reach Contreras-Leon's challenges to the BIA's antecedent hardship determination.

Accordingly, we deny the petition to the extent it seeks to challenge the merits of the BIA's discretionary determination that it would deny cancellation of removal to Contreras-Leon even if he was eligible for such relief. The remainder of the petition is denied.

**PETITION DENIED IN PART AND DISMISSED IN PART.**